# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Leandre Martell, | Case No. 2:21-cv-01733-JAD-DJA |
| Plaintiff, | |
| v. | **Order** |
| D. Chandler, | |
| Defendant. | |

This is a prisoner civil rights action arising out of alleged retaliation Defendant Officer D. Chandler took against Plaintiff Leandre Martell while Plaintiff was a pretrial detainee at the Clark County Detention Center. Martell sues Chandler for damages, alleging that Chandler violated Martell's First Amendment rights by harassing and threatening him after Martell complained to Internal Affairs and the Citizen's Review Board about Chandler's alleged misconduct.[1] Martell moves for a subpoena duces tecum. (ECF No. 11). Because the Court finds that Martell's motion is premature, it denies the motion without prejudice.

Martell also moves for the Court to order service on Chandler, which motion the Court grants in part. (ECF No. 12). In ordering that the only claim proceeding in this action is Martell's First Amendment retaliation claim against Chandler, the Court requested that Chandler waive service of summons. (ECF No. 10). However, the Court has not received any waiver or other communication from Chandler or counsel for Chandler. It thus orders service on Chandler by the United States Marshals Service and will require Chandler to pay the costs of that service.

---

[1] Chandler is the only active defendant in this case. When the Court screened Martell's complaint, it allowed the First Amendment retaliation claim against Chandler to proceed and dismissed Martell's other claims. (ECF No. 8). Martell then filed a motion to proceed without a second amended complaint. (ECF No. 9). The Court granted that motion and explained that the action would proceed only on Martell's First Amendment retaliation claim against Chandler. (ECF No. 10).

**I.  Discussion.**

   ***A.   The Court denies Martell's motion for a subpoena as premature.***

Federal Rule of Civil Procedure 34 governs discovery requests for documents or electronically stored information that a party may serve on another party to the litigation.  *See* Fed. R. Civ. P. 34(a)(1) (explaining that a party may serve on any other party a request within the scope of Rule 26(b) to produce documents or electronically stored information).  Federal Rule of Civil Procedure 45 governs subpoenas that may be served on non-parties.  *See* Fed. R. Civ. P. 45(a)(1)(A) (explaining the requirements for subpoenas).  The Eastern District of California's decision in *Jeffery v. Bennge* stands for the proposition that the court may deny a motion for subpoenas to third parties as premature when the subpoenas seek information potentially discoverable through a request for production.  *See Jeffery v. Bennge*, No. 1:06-cv-00752-OWW-SMS PC, 2008 WL 4584786, at *1 (E.D. Cal. Oct. 14, 2008) (explaining that the court would consider a motion for it to issue a subpoena duces tecum to non-parties only if the documents were not equally available to the plaintiff and not objectionable to the defendant through a request for production of documents).

Martell moves the Court to "request the Defendant to produce" certain documents and electronically stored information under Federal Rule of Civil Procedure 34(a)(1).  (ECF No. 11).  It appears, however, that Martell is seeking to subpoena at least three non-parties under Rule 45: (1) the Las Vegas Metropolitan Police Department's Internal Affairs Bureau; (2) the Citizen Review Board; and (3) the Nevada Department of Corrections.  But discovery has not yet started in this case because Chandler—the only active defendant—has not yet appeared.  Additionally, the documents and electronically stored information Martell seeks may be discoverable through requests for production to Chandler.  The Court thus denies Martell's motion without prejudice as premature.

   ***B.   The Court grants Plaintiff's motion for service of summons in part.***

Martell moves the Court to order service on Chandler after his failure to waive service. (ECF No. 12).  Under Federal Rule of Civil Procedure 4(d)(2), if a defendant fails without good cause to sign and return a waiver requested by a plaintiff, the court must impose the expenses

later incurred in making service and the reasonable expenses of any motion required to collect those service expenses.  On May 4, 2022, the Court ordered that the first amended complaint, the order, a notice of lawsuit and request to waive service of summons, and waiver of service of summons form be mailed to Chandler.  (ECF No. 10).  The Court mailed these items to Chandler c/o Las Vegas Metropolitan Police Department, 400 S. Martin Luther King Blvd., Bldg. B, Las Vegas, NV 89106.  (*Id.*).  The Court ordered any waiver must be filed with the Court within thirty days of the order.  (*Id.*).  The notice of a lawsuit and request to waive service of summons explained that "[i]f Defendant does not return the signed waiver within the time indicated, the Court will order the United States Marshal Service to personally serve the summons and the first amended complaint on Defendant and may impose the full costs of such service."  (*Id.* at 3).

To date, the Court has not received notice that its mail was not delivered.  Nor has it received a waiver of service of summons.  Chandler has not otherwise appeared in this case, on his own or through counsel.  Because Chandler has not waived service the Court thus grants Plaintiff's motion in part and orders service on Chandler.

**IT IS THEREFORE ORDERED** that Martell's motion for subpoenas (ECF No. 11) is **denied.**

**IT IS FURTHER ORDERED** that Martell's motion for service (ECF No. 12) is **granted in part** in that the Court will order service and **denied in part** as to the remainder of Plaintiff's requested relief.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to issue summons to Officer D. Chandler #16704 and deliver that summons, along with the amended complaint (ECF No. 6) to the United States Marshals Service for service.  The Clerk of Court is kindly directed to mail Martell two copies of the Form USM-285.

**IT IS FURTHER ORDERED** that Martell must fill out a USM-285 form for service on Chandler with the below information:

> Officer D. Chandler #16704
> c/o Las Vegas Metropolitan Police Department
> 400 S. Martin Luther King Blvd., Bldg. B
> Las Vegas, NV 89106

**IT IS FURTHER ORDERED** that, after completing the USM-285 form, Martell must submit it to the United States Marshals Service at the below address:

> United States Marshals Office
> Lloyd D. George – U.S. Federal Courthouse
> 333 Las Vegas Boulevard South, Suite 2058
> Las Vegas, NV 89101

**IT IS FURTHER ORDERED that** Defendant Officer D. Chandler must pay the expenses the United States Marshals Service incurred in making service under Federal Rule of Civil Procedure 4(d)(2).

DATED: July 11, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE